**DISMISS and Opinion Filed April 19, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00120-CV

**DELORIS PHILLIPS, Appellant**

**V.**

**TEXAS DEPARTMENT OF INSURANCE DIVISION OF WORKERS'
COMPENSATION, FLEMING FOODS, INC., CORE-MARK HOLDING
CO., THE RAYMOND CORP., CIGNA INSURANCE CO., BANKERS
STANDARD INSURANCE CO., ESIS-CHUBB MANAGEMENT CORP.,
LIBERTY MUTUAL INSURANCE CO., UNITED PARCEL SERVICE,
INC., TEAMSTERS LOCAL UNION 767, CITY OF DALLAS
MUNICIPALITY, DALLAS COUNTY MUNCIPALITY, AND
DALLAS POLICE DEPARTMENT, Appellees**

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-21-06299**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Goldstein, and Justice Smith
Opinion by Chief Justice Burns

Appellant appeals from the trial court's January 31, 2022 interlocutory order

granting the Rule 91a motion to dismiss filed by The Raymond Corporation, one of

numerous defendants. *See* TEX. R. CIV. P. 91a. Generally, this Court has jurisdiction

only over final judgments and certain interlocutory orders as permitted by statute.

*See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC.

& REM. CODE ANN. § 51.014(a) (listing appealable interlocutory orders). A final

judgment is one that disposes of all parties and claims. *See Lehmann,* 39 S.W.3d at 195. Because the appealed order did not appear to be a final judgment or an appealable interlocutory order, we questioned our jurisdiction over the appeal and instructed the parties to file letter briefs addressing the issue.

In her letter briefs filed on April 1 and April 18, appellant fails to address the lack of a final judgment or appealable interlocutory order. Rather, appellant asserts, without explanation, that the reporter's record[1] will "factually validate" our jurisdiction over the appeal. Also, without explanation, appellant cites to this Court's opinion in *Dezoete v. Raymond Corp.*, No. 05-19-01301-CV, 2020 WL 7382302, at *1 (Tex. App.—Dallas Dec. 16, 2020, no pet.). *Dezoete* is not applicable because it involved an appeal from a *final* judgment over which we had jurisdiction.

The order appealed is interlocutory because it does not dispose of appellant's claims against all parties. Appellant has not provided any authority demonstrating that the order is otherwise appealable and nothing before us reflects the reporter's record would assist us. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220120F.P05

---

[1] We suspended the deadline for the reporter's record pending determination of our jurisdiction over the appeal.

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DELORIS PHILLIPS, Appellant

No. 05-22-00120-CV    V.

TEXAS DEPARTMENT OF INSURANCE DIVISION OF WORKERS' COMPENSATION, FLEMING FOODS, INC., CORE-MARK HOLDING CO., THE RAYMOND CORP., CIGNA INSURANCE CO., BANKERS STANDARD INSURANCE CO., ESIS-CHUBB MANAGEMENT CORP., LIBERTY MUTUAL INSURANCE CO., UNITED PARCEL SERVICE, INC., TEAMSTERS LOCAL UNION 767, CITY OF DALLAS MUNICIPALITY, DALLAS COUNTY MUNCIPALITY, AND DALLAS POLICE DEPARTMENT, Appellees

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-06299. Opinion delivered by Chief Justice Burns. Justices Goldstein and Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered April 19, 2022.